IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>       Plaintiff,<br><br>  v.<br><br>THE VANGUARD GROUP, INC.,<br><br>       Defendant. | Case No. 6:12-cv-543<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Defendant The Vanguard Group, Inc. ("Vanguard"):

**JURISDICTION AND VENUE**

1. This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2. This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Vanguard because Vanguard has transacted and is transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District

where Vanguard has done business and committed infringing acts and continues to do business and to commit infringing acts.

## PARTIES

5. EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California.

6. EMG is informed and believes, and on that basis alleges, that Vanguard is a corporation organized under the laws of the Pennsylvania, with its principal place of business at 100 Vanguard Blvd., Malvern, Pennsylvania 19355.  EMG is further informed and believes, and on that basis alleges, that Vanguard is in the business of providing investment products and investment management services to retail and institutional customers, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including at least the following web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen, located at https://personal.vanguard.com/us/home and https://www.vanguard.mobi/us/retail/home/HomeContent.jsp.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Vanguard has done and continues to do business in this judicial district.

## PATENTS

7. United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued on October 21, 2008.  A true and correct copy of the '196 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference.  By a series of assignments, EMG is now the assignee of the entire right, title and

interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement.  The '196 Patent is valid and in force.

8. Following a reexamination of Patent No. 7,441,196, the United States Patent and Trademark Office issued an Inter Partes Reexamination Certificate, Number US 7,441,196 C1, on September 6, 2011. A true and correct copy of Inter Partes Reexamination Certificate, Number US 7,441,196 C1 is attached hereto as Exhibit "B" and incorporated herein by this reference. (United States Patent No. 7,441,196, together with *Inter Partes* Reexamination Certificate, Number US 7,441,196 C1, shall hereinafter be referred to as the "'196 Patent.").

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

9. EMG refers to and incorporates herein by reference paragraphs 1-8.

10. Vanguard, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, has in the past, does now, and continues to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

11. By reason of the acts of Vanguard alleged herein, EMG has suffered damage in an amount to be proved at trial.

12. Vanguard threatens to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury.  It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

## JURY DEMAND

13. EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A. For an order finding that the '196 Patent is valid and enforceable;

B. For an order finding that Vanguard has infringed the '196 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

C. For an order temporarily, preliminarily and permanently enjoining Vanguard, its officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '196 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

D. For an order directing Vanguard to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which it has complied with the injunction;

E. For an order awarding EMG general and/or specific damages adequate to compensate EMG for the infringement by Vanguard, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or exemplary damages, as appropriate, as well as all of the profits or gains of any kind made by Vanguard from its acts of patent infringement;

F. For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

G.      For an order requiring an accounting of the damages to which EMG is found to be entitled;

H.      For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

I.      For an order awarding EMG its costs of court; and

J.      For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED: August 17, 2012

**OF COUNSEL:**

Jeffer Mangels Butler and Mitchell, LLP

    Stanley M. Gibson
    (Cal. Bar No. 162329)
    *smg@jmbm.com*

    Gregory S. Cordrey
    (Cal. Bar No. 190144)
    *gxc@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Respectfully Submitted,

By: */s/ Charles Ainsworth*

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**ATTORNEYS FOR EMG TECHNOLOGY, LLC**