IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **EMG TECHNOLOGY, LLC,** | **CIV. A. NO. 6:12-cv-00543 (LEAD CASE)** |
| **Plaintiff,** | **(CONSOLIDATED CASE)** |
| **v.** | |
| **THE VANGUARD GROUP, INC.,** | |
| **Defendant.** | |
| **EMG TECHNOLOGY, LLC,** | **CIV. A. NO. 6:12-cv-00905** |
| **Plaintiff,** | **(CONSOLIDATED CASE)** |
| **v.** | |
| **J. C. PENNEY CORPORATION INC.,** | |
| **Defendant.** | |
| **EMG TECHNOLOGY, LLC,** | **CIV. A. NO. 6:12-cv-00904** |
| **Plaintiff,** | **(CONSOLIDATED CASE)** |
| **v.** | |
| **THE TJX COMPANIES, INC.,** | |
| **Defendant.** | |
| **EMG TECHNOLOGY, LLC,** | **CIV. A. NO. 6:13-cv-00029** |
| **Plaintiff,** | **(CONSOLIDATED CASE)** |
| **v.** | |
| **COACH, INC.,** | |
| **Defendant.** | |

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>       **Plaintiff,**<br><br>v.<br><br>WILLIAMS-SONOMA, INC., POTTERY BARN, INC., POTTERY BARN KIDS, INC., POTTERY BARN TEEN, INC., WEST ELM, INC.,<br><br>       **Defendant.** | CIV. A. NO. 6:13-cv-00031<br>(CONSOLIDATED CASE) |

**RESPONSE OF PLAINTIFF EMG TECHNOLOGY, LLC TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT OF INDEFINITENESS**

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................ 1

II.  RESPONSE TO DEFENDANTS' STATEMENT OF THE ISSUES TO BE DECIDED BY THIS COURT ........................................................................ 4

III. BACKGROUND OF THE PATENTED INVENTION ....................................... 4

IV.  RESPONSE TO STATEMENT OF UNDISPUTED FACTS ............................. 5

   A.   The '196 Patent Description Defines The Term "Simplified" ................... 5

   B.   The Claims Of The '196 Patent Define The Term "Simplified" .............. 7

   C.   The PTO's Indefiniteness Rejections Had Nothing To Do With The Claims In The '196 Patent ....................................................................... 8

   D.   The BPAI Decision On The Parent '845 Patent Confirmed That "Simplified" Navigation Interface Is <u>Not</u> Indefinite ............................... 11

V.   ADDITIONAL FACTS ESTABLISH THAT THE '196 PATENT CLAIMS ARE NOT INDEFINITE .................................................................. 13

VI.  DEFENDANTS' SUMMARY JUDGMENT MOTION SHOULD BE DENIED ............................ 15

   A.   The Law of Indefiniteness ...................................................................... 16

   B.   This Court's Prior Ruling Establishes That The Claim Term "Simplified" Is Not Indefinite . 18

   C.   Judge Davis' Prior Ruling Also Establishes That The Claim Term "Simplified" Is Not Indefinite ...................................................................... 18

   D.   The BPAI's Decision Addressed the Meaning of "Simplified" in "Simplified Navigation Interface" and Found It Was Not Indefinite ...................... 19

   E.   The Claim's Plain Language and Specification Give this Phrase Context And Meaning ....... 20

      1.   The Claim Language Makes Clear the Sister Site is Simplified Relative to the General Use Site ...................................................................... 20

      2.   The Specification Gives Examples of a "Simplified Navigation Interface" ................... 21

   F.   This Court Previously Rejected Defendants' Position ............................. 22

VII. CONCLUSION .................................................................................................. 27

LA 10059507v2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Bancorp Servs., L.L.C. v. HartfordLife Ins. Co.*,
   359 F.3d 1367 (Fed. Cir. 2004) .........................................................................................16, 23

*Datamize LLC v. Plumtree Software, Inc.*,
   417 F.3d 1342 (Fed. Circ. 2005)....................................................................................22, 24, 25

*EMG Technology, LLC v. Radio Shack Corp., et al*,
   Case No. 6:10-cv-536, Dkt. No. 311 (Exh. J) ..........................................................................1

*Exxon Research & Eng'g. Co. v. United States*,
   265 F.3d 1371 (Fed. Cir. 2001) .........................................................................................16, 17

*Halliburton Energy Services, Inc. v. M-1 LLC*,
   514 F.3d 1244 (Fed. Cir. 2004) .....................................................................................23, 24, 26

*Hearing Components, Inc. v. Shure, Inc.*,
   600 F.3d 1357 (Fed. Cir. 2010).........................................................................................17, 22

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ...............................................................................................16

*Intellectual Prop. Dev., Inc. v. UA-Columbia Cablevision of Westchester, Inc.*,
   336 F.3d 1308 (Fed. Cir. 2003) ............................................................................................4

*Miles Labs., Inc. v. Shandon, Inc.*,
   997 F.2d 870 (Fed. Cir. 1993) ..............................................................................................16

*STX, Inc. v. Brine, Inc.*,
   37 F.Supp.2d 740 (D. Md. 1999).........................................................................................26

*Tulip Computers Intl B. V. v. Dell Computer Corp.*,
   No. 00-981 2002 U.S. Dist. LEXIS 25094 (D. Del. 2002)....................................................16

**STATUTES**

35 U.S.C. § 103 ............................................................................................................12, 13

35 U.S.C. § 112 .....................................................................................................4, 12, 15, 16

**OTHER AUTHORITIES**

Local Rule CD-5(a)(3).........................................................................................................27

ii

## I.   INTRODUCTION

Plaintiff EMG Technology, LLC ("EMG") respectfully submits this response in opposition to Defendants' Motion for Summary Judgment of Indefiniteness (Dkt. No. 144) as to the claim term "simplified."  In their motion, Defendants[1] repeat, nearly verbatim, the same arguments advanced, and rejected, by the *Chrylser* defendants in this Court's Order dated July 11, 2013 (Dkt. No. 142).  In the Court's order, the Court held that "simplified" was not insoluably ambiguous:

> Reading these disclosures in light of the pertinent claim limitations noted above, a person of ordinary skill in the art would find sufficient objective anchors in the claims and the specification for understanding the use of a two-dimensional matrix and the simplification of a navigation interface as recited by the claims. Cases like *Datamize* are thus distinguishable because here the claims and the specification provide proper context for the term "simplified navigation interface."…The Court therefore rejects Defendants' argument that the disputed term is "insoluably ambiguous."  Dkt. No. 142 at 17 (internal citations omitted).

Critically, at no place in their motion do the Defendants acknowledge this Court's prior ruling denying a motion on the same issue, attempt to distinguish this Court's holding or otherwise respond to the rationale the Court articulated for its holding, or attempt to distinguish their arguments from those advanced, and rejected, by the *Chrysler* defendants.

Defendants also ignore that in a related, prior litigation involving the same patent, Judge Davis previously held that this claim term was not indefinite.  *See EMG Technology, LLC v. Radio Shack Corp., et al,* Case No. 6:10-cv-536, Dkt. No. 311 (Exh. J) at 16 ("Here, the claims provide specific guidance on how a simplified navigation interface is derived from a traditional website. A simplified navigation interface is related to a specific website and is organized in a manner dictated by the language of the claims. ***One of skill in the art, in light of the***

---

[1] Defendants are Vanguard, The TJX Companies, Inc., J.C. Penney Corp., Inc. Coach, Inc., and Williams-Sonoma, Inc.  Dkt. No. 144 at n. 1.

1

*specification and claim language, would [understand] the meaning and scope of the term* "*simplified navigation interface*.") (emphasis added).

In addition, the U.S. Patent Office Board of Patent Appeals and Interferences ("BPAI"), like this Court and Judge Davis, reviewed the "simplified" claim term and found the term capable of being construed, thus establishing that the claim term is not indefinite. Indeed, the rational of the BPAI was identical to that of Judge Davis, in that the BPAI concluded that the additional claim language surrounding the "simplified" claim term imparts meaning to the term, rendering it capable of being construed:

> [W]e consider the language to be quite broad, *i.e.*, simplified compared to what? **However, the claim does require that the sister site provides the simplified navigation interface for the webpage**."

(Defs' Exh. 15, at 9.)  Tellingly, in the quote from the BPAI decision that they include in their motion, Defendants conveniently omit the second sentence in the quote above, which establishes that the BPAI clearly agreed the "simplified" claim term is capable of construction and thus not indefinite.  *See* Dkt. No. 144 at 7.  Indeed, the fact that the claim term is not indefinite has been confirmed by the USPTO through prosecution of the '196 patent and related applications **no less than seven times**.

Defendants are required to carry the burden of proving by **clear and convincing evidence** that a person of ordinary skill in the art would find the term "simplified," as used in the larger claim phrase "simplified navigation interface," is **insolubly ambiguous and not amenable to construction**.  By filing a nearly identical motion that recently was denied, Defendants are attempting to do an "end run" around this Court's prior ruling **unequivocally confirming** that the "simplified" claim term of the '196 patent is **not** indefinite.  (*See* Dkt. No. 142 at 17-18.)  Thus, for the same reasons this Court previously denied the *Chrysler* defendants motion on the same issue, it should deny Defendants' motion.

2

First, as this Court, Judge Davis and the BPAI have confirmed, the language of the claim itself provides the context for the claim term such that it is not indefinite. The claims state that the sister site provides a simplified navigation interface *for the standard webpage.* (*See e.g.,* Exh. A ['196 Patent], Claim 58 ("[T]he sister site including a portion or whole of content *of the web page* reformatted to be displayed and navigable through a simplified navigation interface...").)  This Court similarly determined that the claims recite several limitations relevant to "simplified navigation interface":

> Claim 1 thus recites several limitations relevant to a "simplified navigation interface": (1) "sister site including a portion or a whole of content of the web page reformatted to be displayed and navigable"; (2) "displayed in a form of a two-dimensional layer of cells," (3) "from a plurality of layers and a plurality of cells," (4) "the two-dimensional layer in a form of a navigation matrix," and (5) "each cell is a division of a screen and exclusive to a separate single navigation option associated with a specific unique input." (Dkt. No. 142 at 13.)

Second, the specification gives numerous examples of a "simplified navigation interface," a fact that was not lost on this Court, Judge Davis or the BPAI.  (Dkt. No. 142 at 14-17; *see also* Defs' Exh. 15, at 9 ("This interpretation of claim 1 [requiring that the sister site provides the simplified navigation interface for the webpage] is consistent with the language of the specification (pages 3 and 6) that figure 2a is an exemplary web page having a sister site link, and that figure 2b is an exemplary first matrix page of a sister site for the web page of figure 2a."); *see also* Exh. A, Figs. 9a-d, 10a-g, 12a-b, and 14; Col. 8, ll. 18-Col. 9, ll. 32; Col. 9, ll. 51-Col. 10, ll. 11, 4-9.) Indeed, the whole of the patent describes a "simplified navigation interface," conclusively establishing that the "simplified" term is not indefinite.

Third, Defendants' motion raises issues of disputed fact such as, for example, the rationale for actions taken by the patentee during the prosecution history of related patent applications relied upon by the Defendants.  EMG disputes all of these facts, as described in greater detail below, and this forms an independent basis to deny Defendants' motion.

3

## II.    RESPONSE TO DEFENDANTS' STATEMENT OF THE ISSUES TO BE DECIDED BY THIS COURT

Defendants' statement of the issues is incorrect. The issue is whether under 35 U.S.C. § 112, ¶2, Defendants have proven by clear and convincing evidence that one of ordinary skill in the art would not understand the term "simplified" (as in "simplified navigation interface"), when read in light of the specification (*see e.g., Intellectual Prop. Dev., Inc. v. UA-Columbia Cablevision of Westchester, Inc.,* 336 F.3d 1308, 1319 (Fed. Cir. 2003), notwithstanding the facts that (1) this Court recently rejected the same arguments raised by the Defendants and concluded that this claim term is not indefinite (2) a ruling from Judge Davis who concluded the claim term is *not* indefinite, (3) the USPTO has made multiple determinations that the claim term is *not* indefinite and can be construed, and (4) the Defendants have raised multiple issues of facts regarding the prosecution history of related patent applications that are in dispute.

## III.    BACKGROUND OF THE PATENTED INVENTION

The EMG patents teach "providing easy navigation to facilitate access to [electronic commerce] services and improved web access through a television display, internet appliance, and wireless devices." (Exh. A, Col. 1, ll. 20-22.) The specification describes the invention as "[a] simplified system for navigation of the Internet or other content source allowing access to the content and services available thereon with greater ease, on for example, a display more remote from a user than in the use of the 'traditional' personal computer (PC) two foot paradigm." (*Id.,* Col. 2, ll. 26-30.)

The claim term at issue in Defendants' motion is the word "simplified," as used in the phrase "simplified navigation interface." This term is found in the independent claims of the '196 patent. For example, claim 1 of the '196 patent recites that "*the sister site including a portion or a whole of **content of the web page** reformatted to be **displayed and navigable through a simplified navigation interface** on any one of a television, web appliance, console device, handheld device, wireless device or cellular phone.*" (Exh. A, Col. 10, ll. 25-29)

4

(emphasis added) (*see also* independent claim 58 reciting same, *id*., Col. 14, ll. 61-65.) As such, the claims of the '196 patent require the navigation interface provided by the sister site to be simplified as compared to the webpage associated with it.

## IV.    RESPONSE TO STATEMENT OF UNDISPUTED FACTS

Set forth below is EMG's response to Defendants' statement of undisputed facts.  In the instances identified below, Defendants have mischaracterized the record and presented prior statements out-of-context or in a misleading manner.  Accordingly, EMG disputes Defendants' statements of "undisputed facts" as set forth below.  Indeed, each of the purported "facts" raised by Defendants in their motion are disputed by EMG, and because the "facts" are disputed, this forms an independent and separate basis to deny Defendants' motion.

### A.    The '196 Patent Description Defines The Term "Simplified"

Defendants incorrectly assert that "[t]he '196 patent does define 'simplified' interface" (Motion, at 3.)  To the contrary, the '196 patent specification includes several examples to illustrate a simplified interface.

Figure 2a (below, left) illustrates a traditional display of a web page on a computer screen, and figure 2b (below, right) illustrates an embodiment of the invention illustrating a simplified navigation interface for the web page of Fig. 2a:

5



FIG. 2A



FIG. 2B

Moreover, Figure 10f (below) illustrates a simplified navigation interface for one embodiment of the invention:



FIG. 10f

6

The specification further explains that the simplified interface is provided by a "sister site," which can, for example, use matrix navigation to display and navigate the site:

> As used herein, "sister site" is deemed to mean a site that provides for navigation of the site using a simplified navigation system, such as matrix navigation described in more detail below. In one embodiment, the sister site is traditional HTML pages converted to a matrix format to permit matrix navigation... In the context of a matrix page, one suitable segmentation is by cell....

(Exh. A, Col. 2, ll. 49-Col. 3, ll. 11.)

In addition, the specification explains that each cell of the screen is exclusive to a navigation option that is activated by a specific unique input. The specification gives an example of using keypad numbers as unique inputs: "The screen is divided into a plurality of cells. In this embodiment, there are fifteen cells that represent navigation options and one messaging cell for displaying messages from the server, the progress or status bar, and a title block. The cells can further be subdivided between the digit keys 1-9 keys which, in this embodiment, represent the primary set of navigation options and the keys designated by letters A-C which represent secondary navigation options and *, 0, and # keys that may be additional navigation options or provide specialized functions." (*Id.,* Col. 7, ll. 66-Col. 8, ll. 10; Fig. 8; *see also* Col. 8, ll. 36-42, "In this example, navigation begins at the Shopping and Products matrix layer and shown in FIG. 10a. A selection of 5 on the 10a matrix layer yields an Electronics matrix layer shown in FIG. 10b.") The specification describes that the segmentation of the sister site into regions facilitates the manipulation of the display by tabbing, scrolling or zooming. (*Id.,* Col. 3, ll. 2-11.)

## B.      The Claims Of The '196 Patent Define The Term "Simplified"

Defendants assert that the "simplified" claim term is indefinite because "the claims place no limit" on the breadth of the term, including "the amount of the original web page's content that is or is not displayed on the interface." (Motion, at 4.) Defendants' assertion is incorrect. The plain language of the claims operates to define and limit the "simplified" claim term. Specifically,

7

the claims describe that the "simplified navigation interface" is for a web page associated with the sister site. For example, claim 1 of the '196 patent recites that "*the sister site including a portion or a whole of **content of the web page** reformatted to be **displayed and navigable through a simplified navigation interface** on any one of a television, web appliance, console device, handheld device, wireless device or cellular phone*." (Exh. A, Col. 10, ll. 25-29) (emphasis added) (*see also* independent claim 58 reciting same, *id*., Col. 14, ll. 61-65.)  In other words, the claims of the '196 patent require the navigation interface provided by the sister site to be simplified as compared to the webpage associated with it.

In addition, the "simplified" navigation interface is further defined by multiple elements of the claim language. In particular, the "simplified" navigation interface is defined and limited to be: (1) "sister site including a portion or a whole of content of the web page reformatted to be displayed and navigable"; (2) "displayed in a form of a two-dimensional layer of cells," (3) "from a plurality of layers and a plurality of cells," (4) "the two-dimensional layer in a form of a navigation matrix," and (5) "each cell is a division of a screen and exclusive to a separate single navigation option associated with a specific unique input."  (*See* Dkt. No. 142 at 13; *see also* claim 1, Exh. A, Col. 10, ll. 29-35; *see also* independent claims, 9, 25, and 58, *id.,* Cols. 11-12, 14-15.)

Accordingly, despite Defendants erroneous assertion to the contrary, the '196 patent claims themselves define and limit the "simplified" term such that the term cannot be deemed indefinite.

### C.     The PTO's Indefiniteness Rejections Had Nothing To Do With The Claims In The '196 Patent

Defendants assert that "on three separate occasions, and three separate applications, PTO examiners rejected EMG's pending claims in [sic] as indefinite for their use of the term 'simplified navigation interface,'" thus suggesting that the claim term in the patent-in-suit itself

8

must be indefinite.  (Motion, at 4.)  Defendants' assertion is inaccurate, extraordinarily misleading, and omits several pertinent facts that undercut Defendants' position.

In each instance cited by Defendants, the claims that were pending at the time of the Patent Office's indefiniteness rejections were radically different than those that issued in the '196 patent that are now being asserted against Defendants. Even though the pending claims did include the claim term "simplified," the remainder of the claim language that is found in the claims of the patent-in-suit that helps to define the "simplified" term (as discussed above), ***was not present at the time of any of the indefiniteness rejections cited by Defendants***.

The pending claims in the other patent applications cited by Defendants were no different. Claim 10 of the '164 application (*i.e.*, Defendants' Exhibit D), which was a dependent claim from claim 9, was the claim at issue that included the "simplified" claim term. These claims recited the following at the time of the Patent Office's indefinite rejection:

> 9.  A method comprising:
> > executing a game on a server;
> > displaying the game remotely over an Internet at a first location on a first television;
> > receiving control input remotely from a first television remote control at the first location.
>
> 10.  The method of claim 9, further comprising:
> > providing access to the game from a simplified navigation interface for web content on a television.

(Defs' Exh. 5, at 2.)

Claims 1 and 5 of the '953 application (*i.e.*, Defendants' Exhibit 11), which were the two claim terms containing the "simplified" term, recited the following at the time of the Patent Office's indefiniteness rejection:

> 1. A method comprising:
> > providing a simplified navigation interface comprising a set of navigation options through a television channel;
> > receiving a voice signal; and
> > selecting a first navigation option based on a predefine correspondence between the voice signal and a first navigation option.

9

> 5. A machine readable medium having instructions stored therein which when executed cause a machine to perform a set of operations comprising:
> providing a simplified navigation interface comprising a set of navigation options through a television channel;
> receiving a voice signal; and
> selecting a first navigation option based on a predefined correspondence between the voice signal and a first navigation option.

(Defs' Exh. 11, at 36.)

Similarly, claims 9 and 10 of the '244 application recited the following at the time of the Patent Office's rejection:

> 9.  A method comprising:
> executing a game on a server;
> displaying a game remotely at a first location-on a first television; and
> receiving control input remotely from a first television remote control at the first location.
>
> 10.  A method of 9, further comprising:
> providing access to the game from a simplified navigation interface for web content on a television.

(Defs' Exh. 8, at 60.)

As can be seen in the claims quoted above, ***none*** of the claim terms that Defendants cite as being the subject of indefiniteness rejections by the Patent Office contain any of the additional claim elements (discussed in section IV(B) above), which operate to impart further meaning to the use of the term "simplified" navigation interface. In particular, the claim terms Defendant cite are ***devoid*** of any requirement of being associated with a "sister site including a portion or a whole of content of the web page reformatted to be displayed and navigable"; ***devoid*** of any requirement of being "displayed in a form of a two-dimensional layer of cells"; ***devoid*** of any requirement of containing "a plurality of layers and a plurality of cells; ***devoid*** of any requirement of including a "two-dimensional layer in a form of a navigation matrix," and ***devoid*** of any requirement that "each cell is a division of a screen and exclusive to a separate single navigation option associated with a specific unique input." Each of these limitations are required by the claims of the '196 patent being asserted against Defendants in this lawsuit. As such,

10

Defendants' reference to the Patent Office's indefiniteness rejections amounts to an inapposite, "apples to oranges" comparison that should be disregarded entirely.

Moreover, even assuming that there was a legitimate basis to compare the indefiniteness rejections cited by Defendants to the asserted claims of the patent-in-suit (and there is not), Defendants' suggestion that "EMG subsequently acknowledged this rejection's propriety by amending the claims to remove the subject and context-dependent term 'simplified'" is flat wrong.  (Motion, at 5.)  There are no statements by EMG in the prosecution record for these applications cited by Defendants that would support Defendants' misplaced theory. (*See* Defs' Exhs. 3-13.)

**D.      The BPAI Decision On The Parent '845 Patent Confirmed That "Simplified" Navigation Interface Is <u>Not</u> Indefinite**

Defendants assert that, when the Board of Patent Appeals and Interferences ("BPAI") issued its decision on EMG's appeal in one of the parent applications of the patent-in-suit, "the BPAI did not address indefiniteness in its decision."  (Motion, at 6.)  To reach this erroneous conclusion, Defendants rely on an incomplete quote from the BPAI's decision where it states "we consider the language quite broad" and the BPAI queries "simplified compared to what?" (Motion, at 7.)  What Defendants omit from their motion and incomplete quote is the ***BPAI's response to its own question***. In particular, the BPAI answered its question by explaining and concluding that the claim requires that the navigation interface be "simplified" as compared to the web site: "***[T]he claim does require that the sister site provides the simplified navigation interface for the web page.***" The full context of this quote that was omitted by Defendants in their motion, within the portion that the Defendants did include, is as follows:

> We find from the language in the specification that while a sister site provides simplified navigation, that simplified navigation is not specifically defined, and we consider the language to be quite broad, i.e., ***simplified compared to what? However, the claim does require that the sister site provides the simplified navigation interface for the web page***. This interpretation of claim 1 is

11

consistent with the language of the specification (pages 3 and 6) that figure 2a is
an
exemplary web page having a sister site link, and that figure 2b is an exemplary
first matrix page of a sister site for the web page of figure 2a.

Defs' Exh. 15 at 9 (underlined emphasis in original).

Defendants also assert that "[n]o significance can be attributed to the BPAI's failure to
issue a new rejection because the BPAI is not required to issue new rejections."  (Motion, at 7.)
Defendants' assertion ignores the reality, however, that the BPAI *necessarily* considers
indefiniteness before analyzing obviousness. Here, while the focus of the BPAI's decision may
have centered on obviousness under 35 U.S.C. § 103, indefiniteness under 35 U.S.C. § 112 is a
necessary prerequisite to an obviousness analysis by the BPAI.

First, as a matter of law, the BPAI first considers the scope of the claims before
considering whether they are invalid under §§ 101, 102 or 103. A recent decision by the BPAI
addressing similar facts as those presented here, *i.e.*, whether it could review the examiner's
rejections under § 103 if a claim term was indefinite even though the examiner never raised
indefiniteness as a grounds for rejecting the claims during the prosecution. (*See Exparte
Adelman, et al.*, 2012 WL 750983, Appeal No. 2010-011767 (Bd.Pat.App. & Interf. March 2,
2012), attached as Exhibit B):

> We do not reach the merits of the rejections of claim 1-5 under 35 U.S.C. §§ 101
> and 103(a) at this time. ***Before a proper review of the rejections under 35 U.S.C.
> §§ 101 and 103(a) can be performed, the subject matter encompassed by the
> claims on appeal must be reasonably understood without resort to speculation.***
>
> Since the claims fail to satisfy the requirements under 35 U.S.C. §112, second
> paragraph, we are constrained to reverse, pro forma, the Examiner's rejections
> under 35 U.S.C. §§ 101 and 103(a). *See In re Steele*, 305 F.2d 859, 862 (CCPA
> 1962) (A prior art rejection cannot be sustained if the hypothetical person of
> ordinary skill in the art would have to make speculative assumptions concerning
> the meaning of claim language.); *see also In re Wilson*, 424 F.2D 1382, 1385
> (CCPA 1970) ("If no reasonably definite meaning can be ascribed to certain terms
> in the claim, the subject matter does not become obvious-the claim becomes
> indefinite.").

(Exh. B, at *4.) An indefinite claim, therefore, necessarily cannot be analyzed for obviousness. And where, as here, the claim term **was** analyzed for obviousness by the BPAI, the claim term is necessarily **not** indefinite. (*Id.*)

Second, as a matter of fact and pursuant to foregoing authority, during the appeal of the pending claims of the '845 patent, the BPAI necessarily first construed the claims to determine their scope before they could determine whether they were obvious under Section 103. The BPAI's decision reflects that it first considered the scope of the pending claims, including their definiteness.

## V.   ADDITIONAL FACTS ESTABLISH THAT THE '196 PATENT CLAIMS ARE NOT INDEFINITE

There are several additional facts establishing that the '196 patent claims are not indefinite, which Defendants either casually brush aside as unimportant or that they omit altogether from their motion.

First, this Court considered the same arguments advanced by the Defendants and concluded that the "simplified" navigation interface claim term of the '196 patent is not indefinite.  In its ruling, this Court stated that he had specifically considered Defendants' argument that the term is indefinite and determined, as EMG outlines above, that other portions of the claim impart meaning to the claim term such that it is not indefinite:

> Reading these disclosures in light of the pertinent claim limitations noted above, a person of ordinary skill in the art would find sufficient objective anchors in the claims and the specification for understanding the use of a two-dimensional matrix and the simplification of a navigation interface as recited by the claims. Cases like *Datamize* are thus distinguishable because here the claims and the specification provide proper context for the term "simplified navigation interface."…The Court therefore rejects Defendants' argument that the disputed term is "insoluably ambiguous."  Dkt. No. 142 at 17 (internal citations omitted).

13

Second, the Honorable Leonard Davis of the Eastern District of Texas, already has considered this issue and ruled unequivocally that the "simplified" navigation interface claim term of the '196 patent is not indefinite:

> As the BPAI recognized, the navigation interface is simplified with respect to the original webpage or website for which the sister site was created. . . . "[T]he claim does require that the sister site provides the simplified navigation interfacefor the web page." [Quoting the BPAI decision, emphasis added by Judge Davis.] Defendants argue that, even given this frame of reference, the term is subjective and one user's notion of "simplified" may be different from another user's. However, the claims themselves provide the ***requisite guidance for determining whether a related interface for a webpage or website is a "simplified navigation interface***."

(Exh. J, at 15, emphasis added.)  Notably, in so ruling Judge Davis additionally confirmed that, despite Defendants' assertion to the contrary, the BPAI *did* in fact determine the claim term is not indefinite, given that the term is capable of being construed. Defendants' attempt to do an "end run" around this Court's and Judge Davis' prior rulings should be rejected.

Third, the claims of the '196 patent, including the "simplified" navigation interface claim language, were not ever rejected even once by the Patent Office during prosecution on indefiniteness grounds.  Indeed, during prosecution of the application that lead to the '196 patent, the examiner explained his understanding of the term "simplified" navigation interface by reference to the prior art, which, according to the examiner, disclosed "simplified navigation interface." (Exh. C, at 3-12.)  In doing so, the examiner necessarily conveyed his understanding of the term and that the term is capable of being construed.  Notably, the examiner did not reject the claims as being indefinite even though the Patent Office instructs examiners to do so. (*See, e.g*., Exh. D, MPEP §§ 2143.03 (8th Ed. Rev. 7) ("A claim limitation which is considered indefinite cannot be disregarded. If a claim is subject to more than one interpretation, at least one of which would render the claim unpatentable over the prior art, the examiner should reject the claim as indefinite under 35 U.S.C. 112, second paragraph (see MPEP § 706.03(d)) and should reject the

14

claim over the prior art based on the interpretation of the claim that renders the prior art applicable.")). The Patent Office's ability to construe the "simplified" claim term during prosecution of the patent-in-suit establishes that the term is not indefinite.

Fourth, the claims of the '845 patent containing the claim term "simplified navigation interface" also were fully examined, and reexamined, without any rejection on grounds of indefiniteness. (Exhs. E-H.)[2]  Moreover, further evidence that this claim term is capable of being construed (and thus is not indefinite), is found in the Patent Examiner's Reasons for Allowance of the '845 claims because he construed the term in determining that the prior art did not disclose this limitation. (Exh. I [Examiner's Statement of Reasons for Allowance dated November 4, 2005] at 2 ("The prior art fails to disclose or teach "providing a *simplified navigation interface* for the web page by sister site," which is consistent with the language of the specification (page 3, and 6) that figure 2a is an exemplary web page having a sister site link, and that figure 2b is an exemplary first matrix page of a sister site for the web page of figure 2a.") (emphasis added).) The Patent Office's ability to construe the "simplified" claim term during prosecution of the '845 patent further establishes that the term is not indefinite.

Indeed, in the collective prosecution histories of the patent-in-suit and its related U.S. counterpart patent applications, the USPTO, *i.e.*, an examiner or the BPAI, construed the term "simplified" *no less than seven (7) times*, clearly establishing that the claim term is not indefinite. (Defs' Exh. 15; Exhs. C, E-I)[3]

## VI.    DEFENDANTS' SUMMARY JUDGMENT MOTION SHOULD BE DENIED

The standards for summary judgment motions are well known to this Court. On a motion for summary judgment, a court "view[s] all evidence in the light most favorable to the non-

---

[2] *See also* Application No. 95/001,287.
[3] There are other numerous examples of the Patent Office construing the term "simplified navigation interface" during the prosecution or reexamination of the EMG patents. *See e.g.,* Application No. 95/001,286 and Application No. 95/001,287.

moving party and draw[s] all reasonable inferences in that party's favor." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205-06 (5th Cir. 2007).

### A.     The Law of Indefiniteness

As this Court is aware, a party seeking to invalidate a claim under 35 U.S.C. § 112 ¶ 2 as indefinite must show by clear and convincing evidence that "[i]f the claims read in light of the specification reasonably apprise those skilled in the art of the scope of the invention, § 112 demands no more." *Miles Labs., Inc. v. Shandon, Inc*., 997 F.2d 870, 875 (Fed. Cir. 1993). A claim is not indefinite merely because it is not subject to a precise mathematical definition or because it might pose a difficult issue of claim construction. *See Bancorp Servs., L.L.C. v. HartfordLife Ins. Co*., 359 F.3d 1367, 1371 (Fed. Cir. 2004).  In other words, if the disputed claim terms can be construed they are not indefinite. *See Exxon Research & Eng'g. Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001) (reversing lower court's finding of indefiniteness where claim term at issue were amenable to construction); *see also Tulip Computers Intl B. V. v. Dell Computer Corp*., No. 00-981 2002 U.S. Dist. LEXIS 25094, at *11 (D. Del. 2002). In view of the statutory presumption of validity and the deference due the PTO, which examined the claims for definiteness, "close questions of indefiniteness. . . are properly resolved in favor of the patentee." *Bancorp*, 359 F.3d at 1372.

A patent claim may be found indefinite "[o]nly when a claim remains insolubly ambiguous without a discernible meaning after all reasonable attempts at construction." *Metabolite Labs*., 370 F.3d at 1366. Accordingly, even difficult issues of claim construction will not render a claim indefinite:

> In determining whether that standard is met, i.e., whether 'the claims at issue [are] sufficiently precise to permit a potential competitor to determine whether or not he is infringing,' we have not held that a claim is indefinite merely because it poses a difficult issue of claim construction. We engage in claim construction every day, and cases frequently present close questions of claim construction on which expert witnesses, trial court, and even the judges of this court may

disagree. Under a broad concept of indefiniteness, all but the clearest claim construction issues could be regarded as giving rise to invalidating indefiniteness in the claims at issue. But we have not adopted that approach to the law of indefiniteness. We have not insisted that claims be plain on their face in order to avoid condemnation for indefiniteness; rather, what we have asked is that the claims be amenable to construction, however difficult that task may be. *If a claim is insolubly ambiguous, and no narrowing construction can properly be adopted, we have held the claim indefinite. If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, we have held the claim sufficiently clear to avoid invalidity on indefiniteness grounds*.

*Exxon*, 265 F.3d at 1375 (internal citations omitted and brackets in original) (emphasis added).

The present issue is very similar to the case of *Hearing Components, Inc. v. Shure, Inc.*, 600 F.3d 1357 (Fed. Cir. 2010).  In *Hearing Components*, the Federal Circuit reversed the lower court's ruling that the claim term "readily" was indefinite. *Id.* at 1365-66.  Just as Defendants argue here, the defendants in *Hearing Components* had argued the term "readily" was subjective and thus indefinite.  *Id.*  However, the Federal Circuit reversed the lower court's ruling that the claim term was indefinite, explaining that the term was not subjective or indefinite, particularly in light of the examples provided in the specification. *Id.* at 1367-68.

Defendants' motion for summary judgment of indefiniteness should be denied because Defendants have not proven by clear and convincing evidence that the term "simplified" navigation interface is insolubly ambiguous and incapable of construction. The claim language, the specification of the EMG patents, and the prosecution history of the EMG patents describe a "simplified" navigation interface sufficiently to apprise a person of ordinary skill in the art of the scope of the invention.

17

**B.**     **This Court's Prior Ruling Establishes That The Claim Term "Simplified" Is Not Indefinite**

EMG explained above that this Court recently considered the same arguments raised in the Defendants' motion and rejected them.  This Court expressly held that the claim language itself provided sufficient objective anchors to define "simplified navigation interface":

> Claim 1 thus recites several limitations relevant to a "simplified navigation interface": (1) "sister site including a portion or a whole of content of the web page reformatted to be displayed and navigable"; (2) "displayed in a form of a two-dimensional layer of cells," (3) "from a plurality of layers and a plurality of cells," (4) "the two-dimensional layer in a form of a navigation matrix," and (5) "each cell is a division of a screen and exclusive to a separate single navigation option associated with a specific unique input."
>
>        *            *            *
>
> Reading these disclosures in light of the pertinent claim limitations noted above, a person of ordinary skill in the art would find sufficient objective anchors in the claims and the specification for understanding the use of a two-dimensional matrix and the simplification of a navigation interface as recited by the claims.  Cases like *Datamize* are thus distinguishable because here the claims and the specification provide proper context for the term "simplified navigation interface."…***The Court therefore rejects Defendants' argument that the disputed term is "insoluably ambiguous***."

Dkt. No. 142 at 13, 17 (internal citations omitted) (emphasis added).

Critically, the Defendants do not even acknowledge this Court's prior ruling denying a motion on the same issue, nor do they attempt to distinguish this Court's holding or otherwise respond to the Court's rationale for its holding.  In fact, Defendants merely repeat, nearly verbatim, the same previously rejected arguments without even attempting to distinguish them from those raised by the *Chrysler* defendants and rejected by this Court.

**C.**     **Judge Davis' Prior Ruling Also Establishes That The Claim Term "Simplified" Is Not Indefinite**

As discussed, Judge Davis also examined the "simplified" claim term of the '196 patent and determined that the term is ***not*** indefinite. (Exh. J, at 15.) Indeed, Judge Davis concluded,

just as the BPAI did before him, that the other portions of the claim language operate to define the meaning of the term "simplified" interface. (*Id.*, at 15, "As the BPAI recognized, the navigation interface is simplified with respect to the original webpage for which the sister site was created.... ***[T]he claims themselves provide the requisite guidance for determining whether a related interface for a webpage or website is a 'simplified navigation interface*.'"*) (emphasis added).

### D.   The BPAI's Decision Addressed the Meaning of "Simplified" in "Simplified Navigation Interface" and Found It Was Not Indefinite

The BPAI focused on the construction of "simplified navigation interface" and answered the same question, i.e., "***simplified compared to what?***" The BPAI construed the term to mean that "***the claim does require that the sister site provides the simplified navigation interface for the web page.***" The Board of Patent Appeals and Interferences' July 5, 2005 Decision states, in relevant part, that:

> We find from the language in the specification that while a sister site provides simplified navigation, that simplified navigation is not specifically defined, and we consider the language to be quite broad, i.e., ***simplified compared to what? However, the claim does require that the sister site provides the simplified navigation interface for the web page***. This interpretation of claim 1 is consistent with the language of the specification (pages 3 and 6) that figure 2a is an exemplary web page having a sister site link, and that figure 2b is an exemplary first matrix page <u>of a sister site for the web page of figure 2a.</u>

(Defs' Exh. 15, at 9 (underlined emphasis in original).) As Judge Davis confirmed, the BPAI's prior decision establishes that the claim term "simplified" is capable of being construed and is therefore not indefinite.

Further proof that this claim term is capable of being construed also is found in the Patent Examiner's Reasons for Allowance of the '845 claims because he construed the term in determining that the prior art did not disclose this limitation. (Exh. I, at 2.) Indeed, as described above, the claim term "simplified" has been construed by the USPTO (an examiner

19

or the BPAI) *at least seven times*, each instance serving as an independent confirmation that the term is not indefinite. And, despite Defendants' argument that the USPTO was in a period of purported "confusion" during prosecution of the patent-in-suit, the MPEP in effect at the time of the examination of the allowed claims of the '196 Patent instructs examiners to analyze the definiteness of claim language in light of "the particular application disclosure" and the "claim interpretation that would be given by one possessing the ordinary level of skill in the pertinent art at the time the invention was made." (*See, e.g.*, Exh. D [MPEP §§ 2143.03].)

Thus, the fact that the examiner ultimately allowed the claims constitutes unbiased evidence that the claims are not indefinite and forms the basis for the statutory presumption of validity.

### E.   The Claim's Plain Language and Specification Give this Phrase Context And Meaning

1.   The Claim Language Makes Clear the Sister Site is Simplified Relative to the General Use Site

The basis for this Court's, Judge Davis' and the BPAI's decisions that the "simplified" claim term is not indefinite is the plain language of the claims themselves, which describe that the "simplified navigation interface" is for the "webpage associated with the sister site." Claims 1 and 58 of the '196 patent, for example, recite that "*the sister site including a portion or a whole of content of the web page reformatted to be displayed and navigable through a simplified navigation interface on any one of a television, web appliance, console device, handheld device, wireless device or cellular phone*." (Exh. A, Col. 14, ll. 61-65 (emphasis added).) That is, the navigation interface provided by the sister site is simplified as compared to the webpage associated with it.

20

This Court also found that the claim language "recites several limitations relevant to a 'simplified navigation interface'": (1) "sister site including a portion or a whole of content of the web page reformatted to be displayed and navigable"; (2) "displayed in a form of a two-dimensional layer of cells," (3) "from a plurality of layers and a plurality of cells," (4) "the two-dimensional layer in a form of a navigation matrix," and (5) "each cell is a division of a screen and exclusive to a separate single navigation option associated with a specific unique input." Dkt. No. 142 at 13.  As a result, this Court held that "[r]eading these disclosures in light of the pertinent claim limitations noted above, **a person of ordinary skill in the art would find sufficient objective anchors in the claims and the specification for understanding the use of a two-dimensional matrix and the simplification of a navigation interface as recited by the claims**."  *Id*. at 17 (emphasis added).

> **2.       The Specification Gives Examples of a "Simplified Navigation Interface"**

This Court also held that the specification provides "sufficient objective anchors" for understanding the term "simplified navigation interface."  Dkt. No. 142 at 14-17.  For example, the specification explains that the sister site "*is deemed to mean a site that provides for navigation of the site using a simplified navigation system, such as matrix navigation*." (Exh. A, Col. 2, ll. 49-52 (emphasis added).) The specification goes on to describe how the sister site interface is simplified:

> The page [of the sister site] may be divided up based on content or area. The net result, in any case, is that the ***web page is divided into regions*** which are not necessarily, but may be, of equal size.

(*Id.,* Col. 2, ll. 62-Col. 3, ll. 8 (emphasis added).) Figure 2a also shows an exemplary web page, i.e., standard web page, having a sister site shown in Figure 2b. (*Id.,* Col. 3, ll. 12.) Figure 2b shows that the standard web page is simplified by dividing the page into regions or cells. (*Id.,* Col. 3, ll. 12-20.) Additional examples of simplified navigation interfaces provided by the sister

site are shown in Figures 9a-d, 10a-g, 12a-b, and 14. (*See also id.,* Col. 7, ll. 65-Col. 9, ll. 31; Col. 9, ll. 39-62; Col. 10, ll. 4-8.) As the specification explains, the number and size of the regions/cells can vary from page to page. (*See e.g., Id.,* Col. 8, ll. 51-53 ("[I]t is not necessary that all layers of the matrix have the same number of cells, nor is it required that all cells have the same size").) These examples are not exhaustive and do not restrict the scope of the claims. (Exh. A, Col. 10, ll. 9-17, "***The specification and drawings are, accordingly, to be regarded in an illustrative rather than a restrictive sense. Therefore, the scope of the invention should be limited only by the appended claims***." (emphasis added)); *see also Laitram Corp.*, 863 F.3d at 865 ("References to a preferred embodiment, such as those often present in a specification, are not claim limitations.").

Based on this disclosure in the specification, this Court held that *Hearing Components, Inc. v. Shure, Inc.,* 600 F.3d 1357 (Fed. Cir. 2010) was more analogous than Defendants' reliance on *Datamize* (discussed below).  Dkt. No. 142 at 14.  Like *Hearing Components,* "the '196 Patent provides guidance regarding [simplified navigation interface]."  *Id.*  Defendants' attempt to distinguish *Hearing Components* (Motion, at 14) ignores these examples in the specification and tries to manufacture ambiguity where none exists.

F.      **This Court Previously Rejected Defendants' Position**

Defendants' response to these most compelling of facts is (1) the USPTO's indefiniteness rejections during prosecution of the related '164, '244 and '953 applications, and (2) supposed ambiguity in the claim language. (Motion, at 9-10.)

First, regarding the USPTO's indefinite rejections in the '164, '244 and '953 patent applications, as discussed above, the claims containing the "simplified" term that were pending at the time of the rejections were significantly different than the claims of the '196 patent that this Court and Judge Davis analyzed and construed.  In fact, the claim language quoted above concerning the claim limitations relied on by this Court as well as the claim language

22

"simplified with respect to the original webpage" – the very claim language that the BPAI and Judge Davis relied on in their decisions – *is altogether absent from the claims that were pending during prosecution of the '164, '244 and '953 applications*.  (Defs' Exh. 3, at 46; Exh. 8, at 60; Defs' Exh. 11, at 36.)

Second, regarding any supposed ambiguity in the claim language, Defendants provide no *evidence* that a person of ordinary skill in the art would find "simplified navigation interface" insolubly ambiguous and incapable of construction in light of the claim language and these examples.  Instead, and contrary to this Court's holding, Defendants argue –without evidence—that the claims are ambiguous, or lack precision, in the claim limitations describing "simplified navigation interface."  (Motion, at 10-19.)  Indeed, while conceding that the claim language and specification provide limitations relevant to, and examples describing, this claim term, citing *Halliburton,* Defendants argue that variations in the embodiments reflect that the claims lack "any meaningfully precise claim scope." *Id.* at 14. Defendants' attempt to require a high degree of precision in the claims is contrary to well settled case law.  *See Bancorp Servs., L.L.C.,* 359 F.3d at 1371 (holding that a claim is not indefinite merely because it is not subject to a precise mathematical definition).[4] And, unlike this case, *Halliburton* distinguished the claimed invention from the prior art in a way that was ambiguous.  *Halliburton,* 514 F.3d at 1256.  Because a person of ordinary skill in the art would not find the claim term insoluably ambiguous, it is not indefinite.

Defendants' example of navigating the Macy's websites also is a red herring.  (Motion, at 16-17.)  By focusing on the number of clicks to reach a particular website as a supposed comparison of the relative "simplification," Defendants ignore the claim language and

---

[4] Defendants' arguments regarding the supposed ambiguity in the input device and content similarly are misplaced. Motion, at 15.  At no time have the Defendants suggested that the claim language related to "content," "unique input," or "navigation option" is indefinite.  To the contrary, in their P.R. 4-2 Disclosures, they have argued that "unique input" and "navigation option" are capable of construction.  The claim itself specifies that the sister site "include[es] a portion or a whole of content of the web page…"  Ex. A, col. 2 (the Reexamination Certificate), ll. 65-66 (claim 25).

23

limitations that describe a simplified navigation interface.  Again, Defendants' motion relies entirely on attorney argument instead of providing any actual evidence that a person of ordinary skill in the art would find this term insoluably ambiguous.  To the contrary, this Court held that "a person of ordinary skill in the art would find sufficient objective anchors in the claims and the specification for understanding the use of a two-dimensional matrix and the simplification of a navigation interface as recited by the claims."  Dkt. No. 142 at 17.

Defendants attempt to disregard this Court's and Judge Davis' prior rulings on this exact issue of indefiniteness should be rejected.

Defendants also rely on the *Datamize, STX,* and *Halliburton* cases. As explained in EMG's response and below, these cases are readily distinguishable and thus provide no help to the Defendants.

In *Datamize LLC v. Plumtree Software, Inc.,* 417 F.3d 1342 (Fed. Circ. 2005), the claim phrase at issue was "aesthetically pleasing." But, unlike the instant case, the use of "aesthetically pleasing" in *Datamize* differed in at least three significant respects, all of which rendered the term "aesthetically pleasing" as being "completely dependent on a person's subjective opinion." *Id.* at 1350.

First, in *Datamize* the context in which the terms were used in the claims did not provide any help in understanding the meaning of the phrase. The Federal Circuit explained, "[m]erely understanding that 'aesthetically pleasing' relates to the look and feel of interface screens, or more specifically to the aggregate layout of elements on interface screens, fails to provide one of ordinary skill in the art with any way to determine whether an interface screen is 'aesthetically pleasing.'" *Id.* at 1349. By contrast, here, the claim language indisputably refers to the sister site providing a "simplified" navigation interface corresponding to a standard web page and provides limitations relevant to this term.  Dkt. No. 142 at 13.

24

Second, unlike *Datamize,* the EMG patent specification gives numerous examples explaining and showing how the interface for the sister site is simplified relative to the corresponding web page.  Dkt. No. 142 at 14-17 ("[T]he '196 Patent  provides guidance regarding the term at issue:"); *cf Datamize,* 417 F.3d at 1352 ("The written description, however, provides no guidance to a person making aesthetic choices such that their choices will result in an "aesthetically pleasing" look and feel of an interface screen.").

Third, during the prosecution of the application that lead to the '845 patent, the BPAI necessarily concluded that the phrase is not indefinite. (Defs' Exh. 15, at 9.) In contrast, in *Datamize*, when issue of the indefiniteness of "aesthetically pleasing" arose during prosecution of a related patent, the applicant deleted the language and argued that it did not add anything to the claims.  *Id.* at 1353.

Fourth, in its ruling finding the "simplified" claim term is not indefinite, this Court agreed that *Datamize* was distinguishable for the same reasons.  Dkt. No. 142 at 17 ("Cases like *Datamize* are thus distinguishable because here the claims and the specification provide proper context for the term 'simplified navigation interface.'").

Judge Davis also concluded that "[t]he instant case is different from *Datamize*." (Exh. J, at 15.) As Judge Davis explained:

> [T]he Federal Circuit [in Datamize] affirmed that the term 'aesthetically pleasing' used to describe the look and feel of an interface was indefinite because the claims – though they identified the elements that were aesthetically pleasing – failed to provide guidance on what aesthetically pleasing meant.... Here, the claims provide specific guidance on how a simplified navigation interface is device from a traditional website. A simplified navigation interface is related to a specific website and is organized in a manner dictated by the language of the claims. One of skill in the art, in light of the specification and claim language, would [understand] the meaning and scope of the term "simplified navigation interface."

(*Id.*, at 15-16.)

Defendants' reliance on *Halliburton Energy Services, Inc. v. M-1 LLC,* 514 F.3d 1244 (Fed. Cir. 2004), and *STX, Inc. v. Brine, Inc.,* 37 F.Supp.2d 740 (D. Md. 1999), likewise is misplaced. In *Halliburton,* the Federal Circuit held that Halliburton differentiated its invention from the prior art on the basis of it being a "fragile gel." *Id*. at 1256. But, as the Court explained, "Halliburton's proposed definition of that term is not sufficiently definite because it does not adequately distinguish the fragileness of the invention from disclosed prior art, it is ambiguous as to whether an upper bound of fragileness is contemplated, and it is ambiguous as to its requisite ability to suspend drill cuttings." *Id.*  Here, Defendants do not dispute that EMG did not distinguish its invention from the prior art based on the degree of simplification provided by sister site's navigation interface and Defendants have presented no evidence that one of ordinary skill in the art would find "simplified navigation interface" is insolubly ambiguous and not capable of construction in light of the claim's language and examples in the specification.

Similarly, *STX* is readily distinguishable. In *STX,* the court held that the phrase "improved handling and playing characteristics" as used to describe a head on a lacrosse stick was indefinite. The court found that the specification gave one of ordinary skill in the art "little if any idea" about the meaning of this phrase. *Id.* at 755. The court also relied on the fact that the "[t]wo co-inventors gave dramatically disparate definitions of the term when they were questioned on deposition" and "seem to concede that a third person-an experienced lacrosse player-would have to play with an embodiment of the invention of the '947 patent in order to determine whether the "improved handling and playing characteristics" limitation was or was not embodied in an allegedly infringing product." *Id.* In this case, Defendants have presented no such evidence that one of ordinary skill in the art would have "little if any idea" about the meaning of "simplified navigation interface." Indeed, all evidence is to the contrary, including that this Court, Judge Davis, and the BPAI did not find "simplified navigation interface" indefinite.

## VII.    CONCLUSION

For the foregoing reasons, EMG respectfully requests that the Court deny Defendants' motion for summary judgment.

DATED:  November 1, 2013

OF COUNSEL:

Jeffer Mangels Butler and Mitchell, LLP

       Stanley M. Gibson
       (Cal. Bar No. 162329)
       *smg@jmbm.com*

       Gregory S. Cordrey
       (Cal. Bar No. 190144)
       *gxc@jmbm.com*

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Respectfully Submitted,


By:  /s/ Charles Ainsworth

Charles Ainsworth
State Bar No.  00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

**COUNSEL FOR PLAINTIFF
EMG TECHNOLOGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record, who are deemed to have consented to electronic service are being served this 1st day of November 2013, with a copy of this document via the Court's CM/ECF system per Local Rule CD-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Charles Ainsworth*
CHARLES AINSWORTH

27