**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:12-cv-543 |
| | § | **(Consolidated—Lead Case)** |
| THE VANGUARD GROUP, INC. | § | |

## EIGHTH AMENDED SCHEDULING AND DISCOVERY ORDER

Currently before the Court is the parties' Joint Motion to Amend the Docket Control Order (Doc. No. 229). Having reviewed the motion, it is **ORDERED** that the motion is **GRANTED**. The Court enters this case specific order which controls pretrial discovery and disposition of this action pending further order of the Court.[1]

The following deadlines will apply to all parties in this case.

## I. SUMMARY OF CRITICAL DATES

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline to serve disclosure of asserted claims and infringement Contentions (P.R. 3-1 and 3-2) | April 10, 2013 |
| Deadline to serve initial disclosures (other than damages) (¶ 1) | May 31, 2013 |
| Deadline to serve invalidity contentions (P.R. 3-3 and 3-4) | June 4, 2013 |
| Deadline to add additional parties (¶ 2) | May 24, 2013 |
| Deadline to amend pleadings (¶ 2) | May 24, 2013 |
| **Deadline to complete first required mediation (¶ 7)** | **September 30, 2013** |
| Deadline to exchange proposed terms for construction (P.R. 4-1) | June 7, 2013. |
| Deadline to file motions to dismiss (¶ 3) | June 21, 2013 |
| Deadline to exchange privilege logs (¶ 4) | June 21, 2013 |

---

[1] The parties are reminded that the Court's Protective Order and Order Regarding E-Discovery remain in effect.

| | |
|---|---|
| Deadline to exchange preliminary claim construction and extrinsic evidence (P.R. 4-2) | June 28, 2013 |
| Deadline to file Joint Claim Construction and Prehearing Statement (P.R. 4-3) | July 24, 2013 |
| Deadline to serve damages disclosures (¶ 1) | July 26, 2013 |
| Discovery deadline—claim construction | August 23, 2013 |
| Deadline to file opening claim construction brief (P.R. 4-5(a)) | September 6, 2013 |
| Deadline to file response to claim construction brief (P.R. 4-5(b)) | September 24, 2013 |
| Deadline to file motion for summary judgment of indefiniteness | September 24, 2013 |
| Deadline to file reply to claim construction brief (P.R. 4-5(c)) | October 1, 2013 |
| Deadline to file response to motion for summary judgment of indefiniteness | October 1, 2013 |
| Deadline to file reply to motion for summary judgment of indefiniteness | October 8, 2013 |
| Deadline to file claim construction chart (P.R. 4-5(d)) | October 8, 2013 |
| Deadline to submit **required** tutorial | October 15, 2013 |
| **Claim construction hearing (i.e. *Markman* hearing) (P.R. 4-6)** | **Canceled** |
| Deadline to Reduce Asserted Claims (¶ 5) | January 10, 2014 |
| Deadline to Reduce Prior Art (¶ 5) | February 28, 2014 |
| Deadline to disclose willfulness opinions (P.R. 3-7) | February 7, 2014 |
| Deadline to designate expert witnesses and reports on issues for which the party bears the burden of proof (¶ 6) | February 28, 2014 |
| Deadline to designate expert witnesses and reports on issues for which the party does not bear the burden of proof (¶ 6) | March 28, 2014 |
| Deadline to file letter briefs regarding dispositive motions (¶ 9) | April 2, 2014 |
| Deadline to file response to letter briefs regarding dispositive motions (¶ 5) | April 11, 2014 |

| | |
|---|---|
| Discovery deadline (¶ 7) | May 9, 2014 |
| Deadline to complete second required mediation (¶ 8) | March 28, 2014 |
| Deadline for dispositive motions (including *Daubert* motions) (¶ 9) | May 2, 2014 |
| Deadline for parties to exchange pretrial disclosures (¶ 10) | May 16, 2014 |
| Deadline to notify Court of daily transcript or realtime request (¶ 11) | May 9, 2014 |
| Deadline for parties to exchange objections to pretrial disclosures (¶ 10) | May 26, 2014 |
| Deadline for parties to meet and confer on resolving objections (¶ 12) | May 30, 2014 |
| Deadline to file pretrial materials (¶ 13) | June 9, 2014 |
| Deadline for parties to exchange exhibits (¶ 14) | July 3, 2014 |
| **Pretrial conference and trial setting (¶ 15)** | **July 9, 2014 at 9:00 a.m. in Tyler, Texas** |

## II. DETAILED INSTRUCTIONS

The Court finds that the schedule set forth above governs the disposition of this case.

Unless otherwise ordered or specified herein, all limitations and requirements of the Federal

Rules of Civil Procedure and the local rules of this Court must be observed.

**The deadlines imposed in this order are firmly in place, absent the few exceptions set forth below. The Court has reviewed and taken into consideration the parties' Joint Discovery/Case Management Plan. In so doing, the Court assumes that the parties thoroughly discussed the issues prior to submitting their joint plan. Accordingly, a party is not excused from the requirements of this order because it has not completed its investigation of the case or because another party has not complied with the deadlines. A party is not excused from the requirements and deadlines set forth due to the status of**

**pending motions, including dispositive motions, motions to change venue, or motions for continuance.**

1.    <u>**Initial Disclosures:**</u>    To the extent any such information is not required by the Local Patent Rules to be disclosed at an earlier date, Initial Disclosures must be completed by the date set in the Scheduling and Discovery Order. Initial Disclosures consist of the disclosures required by Rule 26(a)(1) and the information listed below:

a.    the correct names of the parties to the lawsuit;

b.    the name, address, and telephone number of any potential parties;

c.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

d.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

e.    any indemnity or insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

f.    any settlement agreements relevant to the subject matter of this action;

g.    a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and <u>***that are relevant to the claim or defense of any***</u>

*party*.

***Initial disclosures do not include materials related to damages.***

Because documents relevant to any claim or defense are to be produced, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

**Damages Disclosures:** Damages Disclosures must be completed by the date set forth above, unless such information is required by the Local Patent Rules to be disclosed at an earlier date. Damages Disclosures consist of the disclosures required by Rule 26(a)(1)(A)(iii) including a complete computation of any category of damages claimed by any party to the action. The parties must also make available for inspection and copying the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**Duty to Supplement:** Each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

2.     **Joinder of Additional Parties or Amendment of Pleadings:** All joinder

of additional parties or amendments of pleadings must be filed by the date listed above. Fed. R. Civ. P. 16(b)(1). Parties must request leave to amend pursuant to P.R. 3-6(b) if the amended pleadings will affect infringement or invalidity contentions. A request for leave is also required if the amendment seeks to add a new patent. Otherwise, a request for leave is not required.

3.     **Motions to Dismiss:** All motions asserting defenses under **Rule 12(b)(6)** must be filed by the date listed above.

4.     **Privilege Logs:** There is no duty to disclose privileged documents or information, but the parties must exchange privilege logs by the deadline set forth in this order. No later than thirty days after exchanging privilege logs, any party may move the Court for an order compelling the production of any documents or information identified on any party's privilege log.

5.     **Procedure to Focus Patent Claims and Prior Art to Reduce Costs:** The Court implements this procedure at the parties' request and to streamline the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Federal Rule of Civil Procedure 1.

On the date set forth above, the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims. Furthermore, by the date listed on the schedule above, the patent defendant shall serve a Final Election of Asserted Prior Art, which

shall identify no more than nine asserted prior art references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference. Also, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

The parties may amend by agreement the limits set forth in this paragraph, but they should endeavor to limit the asserted claims and prior art references to the greatest extent possible. If the parties reach agreement, they must promptly file a joint motion to amend this order. Absent agreement, a request to modify the limits must demonstrate good cause.

6. **Experts:**

   a. **Designation of Expert(s) and Report(s) by Party With the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party bears the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert report(s).

   b. **Designation of Expert(s) and Report(s) on Issues on Which the Party Does Not Bear the Burden of Proof:** Unless otherwise stipulated or directed by order, each party must file a written designation of the name and address of each expert witness who will testify at trial on each issue for which that party does not bear the burden of proof. The party must also otherwise comply with Rule 26(a)(2)—including disclosure of the expert

report(s).

c.  **<u>Rebuttal Expert(s):</u>** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party. Fed. R. Civ. P. 16(b)(1).

d.  **<u>Challenges to Experts:</u>** The parties are directed to file any objections to, or motions to strike or exclude expert testimony no later than the deadline for dispositive motions. *See* ¶ 9.

e.  **<u>Number of Testifying Experts</u>**: Plaintiff may designate up to five testifying experts in this case. Defendants in this action may collectively designate (a) up to three total testifying experts on validity/invalidity, and (b) up to two total testifying experts on enforceability/unenforceability. In addition, each Defendant may individually designate (a) one testifying expert on infringement/non-infringement, and (b) one testifying expert on alleged damages. These expert limits do not apply to discovery under Local P.R. 3-7.

7.  **<u>Completion of Discovery:</u>** All discovery—including discovery concerning expert witnesses—must be completed by the date listed above. The parties may agree to extend this discovery deadline, provided (i) the extension **does not affect** the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission deadline; and (ii) **written notice** of the extension is given to the Court. Having sought permission from t

> **Absent further order of this Court, each party's discovery in this cause is limited to the disclosures described in this order and the Local**

**Patent Rules, together with the following:**

(a)     **Interrogatories**: Plaintiff may serve up to 25 interrogatories on each Defendant. Each Defendant may serve up to 25 interrogatories on Plaintiff. Interrogatories related to venue discovery served by any party prior to April 5, 2013 do not count toward this total.

(b)     **Requests for Admission**: Plaintiff may serve up to 25 requests for admission on Defendants. Each Defendant may serve up to 25 requests for admission on Plaintiff. Requests for admission related to venue discovery served by any party prior to April 5, 2013 do not count towards this total. In addition, the parties may serve an unlimited number of requests for admission seeking to establish the authenticity or admissibility of documents. All requests seeking to establish authenticity or admissibility shall clearly be identified as such, and the parties shall attempt to seek stipulations regarding the authenticity of documents.

(c)     **Fact Depositions of Parties and Third Parties**:

   i.     Plaintiff may take a total of 105 hours of fact deposition testimony, including depositions under Rule 30(b)(6), of the Defendants provided that any one Defendant shall provide no more than 40 hours of fact deposition testimony. No Defendant witness, however, shall be required to appear for more than 14 hours of 30(b)(6) deposition testimony.

   ii.    Defendants may collectively take 105 hours of fact deposition testimony, provided that if there is only one Defendant remaining during fact discovery that Defendant shall be limited to 40 hours of deposition testimony from the date it is the only remaining

Defendant.

iii.    Additionally, absent agreement of the parties or leave of court, no fact witness shall be subject to more than 1 deposition in his or her personal capacity. The limitations set forth in the Federal Rules of Civil Procedure with respect to the length of depositions of witnesses in his or her personal capacity will apply, except that Defendants in this action may take a deposition of any named inventor of any asserted patent for a total of 14 hours per named inventor.

**(d)    Expert Depositions**:

i.    Any deposition of an expert witness in this action will be limited to 7 hours per witness per substantive issue per report. Substantive issues include, but are not limited to, (i) infringement, (ii) invalidity, (iii) damages, and (iv) other broader areas on which an expert opinion is needed. Accordingly, if an expert issues a report addressing both infringement and invalidity in the same report, that expert may be deposed for 14 hours. If an expert submits both an original expert report and a rebuttal expert report on a single issue, however, s/he may only be deposed for 7 hours.

ii.    In addition to the 7 hours per report deposition limit, if an expert issues a report addressing a substantive issue for multiple defendants in this action (for example, an infringement report applicable to multiple defendants), s/he may be deposed for an additional 5 hours for each defendant beyond the first addressed in the report to a maximum of 21 hours per witness per report, provided that no one defendant exceeds 7 hours of deposition per expert per report on a single substantive issue. If an

expert submits both an original expert report and a rebuttal expert report on a single issue for a single defendant, however, s/he may only be deposed for 7 hours. For example, if an expert issues a report addressing the alleged infringement or non-infringement of Defendant One, Defendant Two, and Defendant Three, the expert would be subject to a maximum of 17 hours of deposition (7 + 5 + 5) as to that report.

    iii.   Depositions of experts are not included in the deposition hour limitations set forth in Paragraph 6.c., above.

The parties and counsel in the cases listed above are directed to coordinate their discovery efforts to avoid duplication and otherwise promote efficiency. Counsel should confer in advance to schedule depositions at mutually convenient times and places.

The parties should keep in mind the need to avoid subjecting any person to repeated depositions. As a general rule, no witness should be deposed on the same subject more than once in this litigation. The Court will deem depositions of opposing parties and their employees or representatives admissible against parties involved in related ligation, pursuant to Federal Rule of Evidence 801(d)(2).

Counsel and representatives of all parties may attend depositions. But unnecessary attendance by counsel is discouraged. While a witness is examined about the contents of any documents designated Confidential, those to whom disclosure is not authorized under the Court's Protective

Order shall be excluded.

Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f).  If the undersigned is not available, the parties must proceed in accordance with Local Rule CV-26(f).

8.    **Mediation:** The parties will be required to mediate their case pursuant to the Court-Annexed Mediation Plan. *See* Local Rule App. H.

9.    **Dispositive Motions:** Prior to filing any motion that would dispose of all or any part of this case (including motions for **summary judgment, motions to strike experts, and *Daubert* motions**) the parties must submit a letter brief seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five pages. Answering letter briefs in each of those matters shall be no longer than five pages. In accordance with the parties' joint agreement, no replies shall be filed. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

For all of the above mentioned motions, the letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

If the Court grants leave to file, the dispositive motion must be filed by the date listed above. The parties are reminded of the page limits

set forth in Local Rule CV-7(a)(1) (e.g., no more than 30 pages per motion). Additionally, if more than one summary judgment motion is filed, the parties are reminded of the limitations set forth in Local Rule CV-7(a)(3) (e.g., no more than 60 pages total for all summary judgment motions filed). The Court will disregard any pages exceeding these limits.

10.    **<u>Pretrial Disclosures and Objections:</u>** Unless otherwise directed by order, the parties must serve the disclosures required by Rule 26(a)(3)(A) by the pretrial disclosure deadline listed above. (The parties need not file this information with the Court until the deadline to file pretrial materials.) With respect to the identification of witnesses who will be called by deposition, the parties must also identify the portions of the deposition transcript that they intend to use.

Within **14 days thereafter,** a party must serve a list disclosing any objections, together with the grounds therefor, to: (i) the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii); (ii) the admissibility of materials identified under Rule 26(a)(3)(A)(iii); and (iii) the use of any witnesses (except for expert objections) identified under Rule 26(a)(3)(A)(i),[2] if any. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless excused by the Court for good cause.

---

[2] Requiring parties to file objections to witnesses disclosed under Rule 26(a)(3)(A) is a modification of the requirements of Rule 26(a)(3)(B), which only requires that the parties file objections to deposition designations and exhibits.

11.    **Notice of Request for Daily Transcript or Real Time Reporting:** If either daily transcript or realtime reporting of the court proceedings is requested for trial, the party or parties making the request must file a notice with the Court and e-mail the court reporter, Ms. Jan Mason, at Jan_Mason@txed.uscourts.gov. In no event should this date be less than sixty days before the pretrial conference.

12.    **Meet and Confer Requirement:** The parties are expected to cooperate in the exchange of information to ensure that objections may be timely filed. The parties also must adhere to the meet and confer requirement set forth in Local Rule CV-7(h) **before filing their objections to pretrial materials**. This will help to narrow issues that are *actually* in dispute. The Court will exclude any exhibit offered at trial unless the parties timely comply with this section.

13.    **Pretrial Materials:** All pretrial materials must be filed by the date listed above. Specifically, by this date the parties must file the following:

   a.    **Pretrial Order:** A joint proposed pretrial order must be submitted by Plaintiff's attorney. *See* Local Rule App. D. If an attorney for either party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Each party may present its version of any disputed matter in the joint pretrial order; therefore, failure to agree upon content or language is **not an excuse for submitting separate pretrial orders**. When the joint pretrial order is approved by the Court, it will

control all subsequent proceedings in this case.

b.      **Witness List:** A list of witnesses, in alphabetical order, must be filed by each party (a sample form is available on the Court's website, www.txed.uscourts.gov). The list must divide the persons listed into groups of **"will call," "may call," and "may, but probably not call"** and must provide:

      **(i)**      the **names and addresses** of each witness;

      **(ii)**      a **brief narrative summary** of the testimony;

      **(iii)**      whether the witness has been **deposed**; and

      **(iv)**      the **expected duration** of direct and cross-examination of the witness.

c.      **Exhibit List and Deposition Testimony Designation:** A list of exhibits (including demonstrative exhibits) and a designation of portions of depositions that a party in good faith intends to offer at trial must be filed by each party. Regarding the exhibits, the parties must adhere to the following requirements:

      **(i)**      Describe with specificity the documents or things in numbered sequence.

      **(ii)**      Exhibits must be numbered numerically and in succession, and must be marked with the case number. They must be marked **before trial** with official exhibit stickers. If there are multiple parties, exhibit numbers must be followed by the party's last name, i.e., "PX1-Jones" or "DX1-Miller."

              WHENEVER A MULTI-PAGE-EXHIBIT IS USED, EACH PAGE OF AN EXHIBIT MUST BE SEPARATELY NUMBERED. FOR EXAMPLE, IF PLAINTIFF'S

EXHIBIT 1 IS A THREE-PAGE DOCUMENT, THE FIRST PAGE SHOULD BE MARKED AS "PX1-1," THE SECOND PAGE MARKED AS "PX1-2," AND THE THIRD PAGE MARKED AS "PX1-3."

**(iii)** Each party must also file written objections to the opposing party's exhibits and deposition designations or a notice of no objections. Objections must be filed with the proposed pretrial order and should identify the contested exhibit by number and **explain in detail** the legal basis for the objection. The parties should organize their objections into discrete categories. Responses to objections are due within two business days of the filing of the objections.

d.      **Jury Instructions in Jury and Non-Jury Trials:** Proposed jury instructions and verdict forms must be filed jointly. If the parties disagree on the proposed instruction, Plaintiffs should italicize their proposed language, and Defendants should underline their proposed language. The basis for and legal authority supporting each party's proposed language should be set forth in footnotes. The Court may seat an advisory jury in a non-jury case. Thus, the parties are required to file proposed jury instructions even if the parties have not demanded a jury.

e.      **Proposed Findings of Fact and Conclusions of Law:** In a case involving factual issues to be resolved by the Court, proposed findings of fact and conclusions of law must be filed by each party. Counsel should draft proposed findings in neutral language, avoiding argument, and identifying the evidence expected to establish each finding. Counsel should set forth the proposed findings of fact and conclusions of law in separate sections composed of concise and separately numbered paragraphs. The Court may seat an advisory jury in

a non-jury case. Thus, the parties must also file proposed jury instructions even if the parties have not demanded a jury trial.

    f.    **Limited Number of Motions in Limine:** Motions in limine should not be filed as a matter of course. Parties may file motions in limine on no more than **TEN discrete topics** (no subparts) that are actually in dispute. (Good faith compliance with the conference requirements of Local Rule CV-7(h) will help to narrow issues that are *actually* in dispute). The Court will strike all motions in limine that contain boilerplate requests, that exceed ten topics, or that cover undisputed issues. The moving party must promptly notify the Court in the event the parties resolve any of the motions in limine. Responses to motions in limine are due within two business days of the filing of the motion.

    g.    **Voir Dire:** The parties must file any proposed voir dire questions which the Court is requested to ask during its examination of the jury panel.

    h.    **Trial Briefs:** Trial briefs may be filed by each party. In the absence of a specific order of the Court, trial briefs are not required, but are welcomed. The briefing should utilize Fifth Circuit, Federal Circuit, and Supreme Court authority or relevant state authority to address the issues the parties anticipate will arise at trial.

14.    **Exchange of Exhibits:** No later than **three business days before the pretrial conference,** counsel for each party intending to offer exhibits must **exchange a complete set** of marked exhibits (including demonstrative exhibits) with opposing counsel.

15.    **Pretrial Conference:** A pretrial conference in the case is set on the date and at the location indicated above. Lead counsel for each party must

attend, or, if the party is proceeding pro se, the party must attend. Fed. R. Civ. P. 16 (c),(d). Lead counsel and pro se parties must have the authority to enter into stipulations and admissions that would facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All pretrial motions not previously decided will be addressed at that time, and procedures for trial will be discussed. **At the final pretrial conference, the parties will be assigned a specific trial date beginning within four weeks of the final pretrial conference.** Parties should be prepared to conduct jury selection at any time after the final pretrial conference.

      **At the final pretrial conference, the parties must submit to the Court one copy of marked exhibits.**

16.     **Modification of Scheduling and Discovery Order:** As addressed above, this order will control the disposition of this case unless it is modified by the Court upon a showing of **good cause** and by **leave of court.** Fed. R. Civ. P. 16(b). Any request that the trial date of this case be modified must be made **in writing** to the Court **before** the deadline for completion of discovery. Neither pending motions nor the failure to complete discovery establish good cause for a continuance.

17.     **Sanctions:** Should any party or counsel fail to cooperate in doing anything required by this order, such party or counsel or both may be subject to sanctions. If the *Plaintiff* does not timely file the required pretrial material, the case will be dismissed. If the *Defendant/third party* does not timely file

the required (or other) pretrial material, a default will be entered or the Defendant/third party will not be permitted to present witnesses or exhibits at trial. Fines or other sanctions, if appropriate, may also be imposed under Rule 16(f). **Failure to list a witness, exhibit, or deposition excerpt as required by this order** will be grounds for exclusion of that evidence. This does not apply to testimony, exhibits, or deposition excerpts offered for impeachment; further, the use of unlisted witnesses, exhibits, or deposition excerpts for rebuttal will be permitted if the attorneys could not have reasonably anticipated their need for that evidence.

**It is SO ORDERED.**

**SIGNED this 23rd day of April, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE