# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>THE VANGUARD GROUP, INC.,<br><br>    Defendant. | Case No. 6:12-cv-00543 (Lead Case)<br>(CONSOLIDATED CASE)<br><br>**JURY TRIAL DEMANDED** |
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>AUTOZONE, INC.,<br><br>    Defendant. | Case No. 6:13-cv-143<br><br>**JURY TRIAL DEMANDED** |

## JOINT STIPULATION OF DISMISSAL

EMG Technology, LLC ("EMG") commenced this action against Defendant AutoZone, Inc. ("AutoZone") on November 29, 2012, alleging infringement of U.S. Patent No. 7,441,196 (the "'196 patent"). On May 2, 2014, defendants AutoZone, Inc. and J.C. Penney ("J.C. Penney") filed a Motion for Partial Summary Judgment of Non-Infringement Under the Doctrine of Equivalents (Dkt. No. 237), and AutoZone filed a Motion for Summary Judgment of Non-Infringement. (Dkt. No. 236). On June 24, 2014, the Court granted both motions. (Dkt. No. 303). The Court also ordered EMG to submit a status report indicating its intent to prosecute its

- 2 -

remaining claim of literal infringement against AutoZone and a certification that any such claim is not frivolous under the Court's Order. (*Id.*)

WHEREAS, in response to the Court's Order (Dkt. No. 303), EMG seeks to voluntarily dismiss its claims against AutoZone with prejudice and, in order to fully resolve and terminate its litigation against AutoZone, EMG and AutoZone hereby jointly stipulate to the following:

1. Pursuant to Fed. R. Civ. P. 41, EMG hereby dismisses with prejudice all claims that were or could have been asserted against AutoZone in this action.

2. EMG's dismissal with prejudice fully exhausts any and all past, present, and/or future claims against AutoZone, including all AutoZone Affiliates and subsidiaries, with respect to the '196 patent, as well as any and all other patents that EMG presently owns, or might acquire in the future. In addition, EMG's dismissal with prejudice fully exhausts any and all past, present, and/or future claims with respect to the '196 patent, as well as any and all other patents that EMG presently owns, or might acquire in the future, against any third party or customer of AutoZone or any AutoZone Affiliate or subsidiary, with respect to any AutoZone or AutoZone Affiliate or subsidiary website or product, and any methods, services or systems used in connection with any AutoZone or AutoZone Affiliate or subsidiary website or product. "AutoZone Affiliate" means, with respect to a corporation or other entity, any other corporation or entity that directly or indirectly controls, is controlled by, or is under common control with such corporation or entity. For purposes of this definition, "control" means the possession, directly or indirectly, of the power to direct or cause the direction of management or policies of a corporation or other entity whether through at least 50% of the ownership of voting securities, by contract or otherwise.

3. Pursuant to Fed. R. Civ. P. 41, AutoZone hereby dismisses without prejudice its counterclaims asserted against EMG in this action. AutoZone further covenants not to assert any litigation with respect to the '196 patent against EMG, unless EMG initiates a lawsuit against AutoZone or any person or entity initiates any litigation against AutoZone with respect to the '196 patent.

4. AutoZone will not seek sanctions, attorneys' fees, or costs from EMG in connection with the above-captioned matter. Neither AutoZone nor EMG will exchange any payments in connection with their stipulations. However, pursuant to Fed. R. Civ. P. 41(d), AutoZone reserves the right to seek sanctions, attorneys' fees, or costs from EMG in the event that any effort is made to subsequently enforced the '196 patent against AutoZone, any AutoZone Affiliates or subsidiaries, or any third party customer with respect to any AutoZone website or product, and any methods, services, or systems used in connection with any AutoZone website or product.

5. EMG agrees not to appeal the Court's June 24, 2014 Memorandum Opinion and Order, Docket No. 303 with respect to AutoZone.

6. The parties will bear their own attorneys' fees and costs.

7. EMG's dismissal of its claims against AutoZone is not the result of any settlement agreement, license, or any payment to EMG.

8. This Court retains jurisdiction over EMG and AutoZone for purposes of enforcing the above stipulations.

June 30, 2014                                                    Respectfully Submitted:

*/s/ Charles Ainsworth*
Charles Ainsworth
*charley@pbatyler.com*
Robert Christopher Bunt
*rcbunt@pbatyler.com*
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tel: (903) 531-3535
Fax: (903) 533-9687

Stanley M. Gibson
*smg@jmbm.com*
Gregory S. Cordrey
*gxc@jmbm.com*
JEFFER MANGELS BUTLER AND MITCHELL, LLP
1900 Avenue of the Starts, Seventh Floor
Los Angeles, CA 90067
Tel: (310) 203-8080
Fax: (310) 203-0567

*Attorneys for EMG Technology, LLC*

*/s/ Darby Doan with permission by Charles Ainsworth*
Darby Vincent Doan
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
T: (903) 255-1000
Email: *ddoan@haltomdoan.com*

Annie T. Christoff
John S. Golwen
BASS BERRY & SIMS - MEMPHIS
100 Peabody Place, Suite 900
Memphis, TN 38103
T: 901-543-5900
Emails: *achristoff@bassberry.com; jgolwen@bassberry.com; tclark@bassberry.com*

*Attorneys for AutoZone, Inc.*

- 4 -

- 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2014, the foregoing document was filed electronically under seal in compliance with Local Rule CV-5(a) and served via email upon counsel of record.

/s/ *Charles Ainsworth*
CHARLES AINSWORTH

LA 11118563v1